DOUCET, Judge.
This is a workmen's compensation suit. The only issue on appeal is whether the claimant, Roger Dale Davis, was employed by the defendants at the time of his injury.
On November 21, 1978, plaintiff was injured while in the company of Dennis Keif-fer, an employee of K. & K. Ranch, Inc. Keiffer was repairing a wheel on a hay wagon owned by his employer. In order to do so, he had to remove certain damaged parts from one of the wagon’s axles. When he struck the damaged parts with a hammer to effect their removal, a small piece of metal flew into plaintiff’s right eye, where it became imbedded and caused extensive damage. The eye had to be surgically removed, and a non-functioning prosthesis was installed in its place.
Plaintiff brought this suit against Dennis Keiffer, K. & K. Ranch, Inc., and two of the latter’s co-owners, John Keiffer and Arnold Kirkpatrick, seeking benefits for total and permanent disability. After a trial, the district court found that he was not employed by the defendants when he was injured and dismissed his suit. He appealed.
*1081 The evidence concerning plaintiff’s alleged employment by the defendants was conflicting. Plaintiff and his witnesses testified that although he had another full time job, he usually worked for the defendants on Tuesdays, his day off. He claimed that he was paid in cash, and that there was therefore no record of his employment. Plaintiff and his wife further testified that on the day that he was injured, Dennis Keiffer went to their home to see if plaintiff could work that day.
The defendants, on the other hand, denied that plaintiff was ever employed by K. & K. Ranch, Inc. Dennis and John Keiffer testified that plaintiff had worked for the Keiffers at an earlier time but that the employment relationship had been severed because they were unsatisfied with his performance. They further testified that when temporary employees were hired on an intermittent basis to help Dennis Keif-fer, who was the only full time employee of the corporation, they were always paid by check. The introduced into evidence the corporation’s checking account ledger to corroborate that claim. Dennis Keiffer also denied having gone to plaintiff’s home on the date that he was injured. He testified that he had met plaintiff at the Keiffers’ store in Winn Parish, and that plaintiff had asked to accompany him because he had nothing else to do that day.
Since there was virtually no objective evidence on which a decision could be based, the conflict in the testimony had to be resolved by evaluating the credibility of the various witnesses. This is an area that is peculiarly within the trial judge’s domain, because of his opportunity to observe the witnesses. Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir. 1978). In this case, he obviously found the defendants’ witnesses more credible, and we find nothing in the record to show that he erred by doing so. Given that evaluation, we believe that the evidence clearly supports the judgment that was rendered.
For these reasons, the judgment appealed by plaintiff is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.

AFFIRMED.